UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HARPREET SINGH,

                    Petitioner,              Case No. 1:26-cv-1182

v.                                     Honorable Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

                    Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as moot.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.16.)

In an order entered on April 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) In response, on April 21, 2026, Respondents filed a motion to

dismiss and brief in support of their motion, (Resp., ECF No. 5; Brief Supp. Resp., ECF No. 6),[1]

and Petitioner filed his reply on April 24, 2026, (Reply, ECF No. 9.) Thereafter, in response to the

Court's order to provide a copy of any transcript or recording (ECF No. 12), Respondents filed a

recording of the June 3, 2025, bond hearing on May 5, 2026 (Recording of June 3, 2025, Bond

Hearing, filed on May 5, 2026, ECF No. 13.)

## II.    Factual Background

Petitioner is a native and citizen of India who entered the United States on or about March

26, 2023, without inspection near Lukeville, Arizona. (Pet., ECF No. 1, PageID.3; Notice to

Appear (NTA), ECF No. 1-1, PageID.17.) After Petitioner entered the United States, Department

of Homeland (DHS) agents encountered Petitioner, and on March 28, 2023, DHS charged

Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act

(INA) because Petitioner is an immigrant "present in the United States without being admitted or

paroled, or who arrived in the United States at any time or place other than as designated by the

Attorney General." (NTA, ECF No. 1-1, PageID.17.) Petitioner was then released on his own

recognizance into the United States. (Order Release Recognizance, ECF No. 1-2, PageID.20.)[2]

On May 20, 2025, Petitioner was visiting friends and potential employer in Liberty

Township, Ohio. (Pet., ECF No. 1, PageID.6, 13.) ICE entered the home where Petitioner was

---

[1] On April 21, 2026, Respondent filed a motion to dismiss in lieu of a response to the § 2241 petition. (ECF No. 5.) As set forth herein, the Court will deny Respondent's motion to dismiss without prejudice. The Court's judgment resolves the case and moots both Petitioner's petition and Respondents' motion to dismiss.

[2] Petitioner argues that he was released on parole under 8 U.S.C. § 1182, creating a right not to have his parole revoked without due process. But he provides no support for the assertion that he was paroled. Instead, it appears that he was released during the pendency of his removal proceedings, under 8 U.S.C. § 1226(a), after he received a notice to appear. (*See* Notice to Appear, ECF No. 1-1, PageID.17; Order of Release, ECF No. 1-2.)

staying with a search warrant and arrested all non-citizen persons in the home.[3] (*Id*.; 2025 I-213, ECF No. 6-2, PageID.45.) Petitioner was detained and taken into custody. (*Id*.) On June 3, 2025, the Cleveland Immigration Court held a § 1226 bond hearing. (Order Immigration Judge, ECF No. 6-3, PageID.48.) In a written decision issued on June 3, 2026, the Immigration Judge found that Petitioner's request for a change in custody status is:

> Denied, because [:]
>
> The Court finds that the [Petitioner] is a flight risk. There [is] a lack of ties to the community in Ohio or California. There is also a lack of information as to why the [Petitioner] was in Ohio when the search warrant was effectuated in a home he was visiting. Without this information, the Court does not have sufficient information that there is any amount that the Court could set as bond that would ensure the [Petitioner's] appearance at future hearings.

(June 3, 2025, Order Immigration Judge, ECF No. 6-3, PageID.48.)

On October 27, 2025, the Cleveland Immigration Court denied Petitioner's asylum application, denied withholding of removal, and ordered Petitioner removed to India. (October 27, 2025, Order Immigration Judge, ECF No. 6-4, PageID.51–54.) Petitioner appealed the decision to the Board of Immigration Appeals (BIA), (Filing Receipt, ECF No. 6-5, PageID.56), and his appeal remains pending. (Automated Case Information, ECF No. 6-6, No. 60–61.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA.[4] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

---

[3] Respondents do not argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), and there is nothing in the record presently before the Court to suggest that Petitioner was a law enforcement target for any reason other than his status as a noncitizen. (*See* 2025 Form I-213, ECF No. 6-2, PageID.45.)

[4] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Case 1:26-cv-01182-HYJ-SJB ECF No. 14, PageID.110 Filed 06/01/26 Page 4 of 5

### III. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

---

For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

4

**IV.     Discussion**

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner or order Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.16.) Prior to initiating this action, however, Petitioner had a § 1226 bond hearing in the Cleveland Immigration Court, and the immigration judge issued a written decision denying Petitioner's request for bond on June 3, 2025. (June 3, 2025, Order Immigration Judge, ECF No. 6-3, PageID.48.)

Although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the June 2025 bond hearing. (*See generally* Pet., ECF No. 1.) And, in his reply, Petitioner concedes that he had a bond hearing on June 3, 2025. (Reply, ECF No. 9, PageID.88.) Under these circumstances, because Petitioner received a § 1226 bond hearing and Petitioner does not raise any claims regarding the June 3, 2025, bond hearing itself in the present action, the Court will dismiss the action without prejudice as moot.[5]

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: June 1, 2026                              /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Petitioner is free to challenge the constitutionality of the bond hearing or his continued detention; however, any such challenges would raise new claims that are not presently before the Court. Further, the Court's resolution of this action moots Respondents' pending motion to dismiss.